1   C. Brooks Cutter (SBN 121407)
    John R. Parker, Jr. (SBN 257761)
2   KERSHAW CUTTER & RATINOFF
    401 Watt Avenue
3   Sacramento, California 95864
    Telephone:    (916) 448-9800
4   Facsimile:    (916) 669-4499
    E-mail:    bcutter@kcrlegal.com
5               jparker@kcrlegal.com

6   Edward P. Dudensing (SBN 182221)
    DUDENSING LAW OFFICE
7   1414 K Street, Suite 470
    Sacramento, CA 95814
8   Telephone: (916) 448-6400
    Facsimile: (916) 448-6401
9   Email: Ed@dudensinglaw.com

10   *Attorneys for Relator*

11          **IN THE UNITED STATES DISTRICT COURT**

12          **NORTHERN DISTRICT OF CALIFORNIA**

13

14   UNITED STATES OF AMERICA     |  Case No. 14-cv-02401 WHO *SEALED*

15   ex rel. JOHN ORTEN, Relator,     |  **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**

16   STATE OF CALIFORNIA      |  **DEFENDANT'S MOTION TO TRANSFER VENUE**

17   ex rel. JOHN ORTEN, Relator,

18   STATE OF WASHINGTON

19   ex rel. JOHN ORTEN, Relator,

20   Plaintiffs,

21

22        v.

23

24   NORTH AMERICAN HEALTH

25   CARE, INC., JOHN SORENSEN

26

27        Defendants.

28

## I.     INTRODUCTION

Relator and Qui Tam Plaintiff John Orten (Orten) filed Second Amended Complaint ("SAC") in the Northern District of California, San Francisco Division ("Northern District) because the United States asked for this case to be transferred there and Orten has no objection to this venue.  Defendant John Sorensen ("Defendant")'s motion to transfer this case to a different venue should be denied because (1) venue is proper Northern District, (2) the convenience of the witnesses and parties is not advanced by transfer to the Central District, (3) the interests of justice are not advanced by transfer to the Central District, and (4) NAHC has failed to provide sufficient basis for overriding Orten's preferred venue.

## II.     BACKGROUND

### A.  The Parties.

Relator John Orten is a former administrator and president of two of NAHC's client serviced facilities. (*See* Compl. ¶¶ 25, 42.) Relator began his career with NAHC in 2006 as an administrator-in-training and became administrator of the Romona facility in El Monte, California in 2007. (Compl. ¶25.) In 2011, Relator went to work for the Orchard Park facility in Orem, Utah as its president and administrator. Relator resigned from his position on January 19, 2013 and still resides in Utah.

NAHC, a privately held company which provides services to 36 nursing home facilities throughout the Western United States, is a Nevada corporation and is headquartered in Dana Point, California.  John Sorensen is the president and CEO of NAHC.

### B.  Relator's Allegations of NAHC's Misconduct.

Relator John Orten was terminated by NAHC after he refused to engage in bribes and related kickbacks to doctors in the company's unlawful efforts to maintain its facility's Medicare.gov star rating. CEO John Sorensen and other managing agents of NAHC specifically instructed Relator Orten to bribe doctors in an effort to have doctors sign pre-drafted NAHC letters challenging the legitimacy of state-issued deficiencies during the survey process at Orten's NAHC facility.  Defendants instructed Orten to then provide the doctors' paid-for letters to state inspectors during the appeal process in an attempt to persuade inspectors that the deficiencies

1   issued during the facility inspection were improper.  The letters provided as a result of the bribe

2   and/or unlawful payments would have the intended effect of allowing NAHC facilities to

3   maintain its Medicare.gov five-star rating.  When Relator Orten refused to engage in the bribery

4   and told Defendants he would not engage in the process, he was retaliated against and ultimately

5   terminated for his refusal. (SAC ¶12.)

6        Additionally, Relator Orten discovered during his employment that administrators at other

7   NAHC facilities were providing illegal kickbacks and payments to doctors as a means of

8   increasing the number of Medicare patients in NAHC facilities. Relator Orten learned that illegal

9   payments were made to doctors in an effort to secure Medicare referrals from acute care hospitals

10  and to compel doctors to engage in the fraudulent practice of regenerating Medicare benefits for

11  existing nursing home patients.  The unlawful conduct created unprecedented levels of profit for

12  NAHC at facilities engaged in the conduct and had the effect of dramatically increasing the

13  percentage of days it received reimbursement from Medicare.  Relator Orten reported this

14  ongoing fraud to defendants on multiple occasions.  After reporting these unlawful practices

15  defendants retaliated against Relator Orten.  Defendants engaged in a pattern of conduct designed

16  to continually undermine Orten's ability to successfully manage his facility, bring it to

17  profitability, and succeed as an administrator.  Defendants' conduct was perpetrated with the

18  intent to create a pretext they could use to terminate Relator Orten for refusing to bribe doctors

19  and for exposing the widespread Medicare fraud occurring in NAHC facilities. (SAC ¶13.)

20       On November 23, 2012, Orten submitted a report of fraud at NAHC to the Office of

21  Inspector General (OIG). (SAC ¶60.)  In Feburary 2013, Orten met with OIG investigators, who

22  have been investigating NAHC facilities for upcoding and other fraud against the government

23  since 2008.  (SAC ¶66.)  This criminal and civil investigation, which as far as Orten knows is

24  ongoing and continues today, has been conducted by the OIG jointly with the United States

25  Attorney for the Northern District of California, which is why this case is presently venued in this

26  Court.

27       Procedurally, Orten's original complaint was filed on or about January 17, 2014 in the

28  East District of California.  On or about March 25, 2014, Orten filed his First Amended

OPPOSITION TO MOTION TO CHANGE VENUE

1   Complaint.  Because of the pending federal investigation by the United States Attorney for the

2   Northern District of California, and the United States' request this case was transferred from the

3   Eastern District to the Northern District of California at the government's request on May 23,

4   2014.  Orten's SAC was filed on March 25, 2015.

5        On April 14, 2015, the United States and the States of Arizona and Washington filed a

6   joint notice of election to decline intervention in this action.  On April 20, 2015, the State of

7   California filed its notice of election to decline intervention in this action. Utah is the only

8   government entity that has not yet filed a notice of election.

9        **III. LEGAL STANDARD**

10       This court has the authority to transfer the proceeding to another venue pursuant to either

11  28 U.S.C § 1404 or 28 U.S.C. §1412. Section 1404 is a change of venue statute which gives

12  courts the ability to transfer "for the convenience of parties and witnesses, in the interest of

13  justice, a district court may transfer any civil action to any other district or division where it might

14  have been brought or to any district or division to which all parties have consented." The

15  Plaintiff's preferred venue is entitled to substantial consideration when motion is made under §

16  1404 to transfer action to another district.  *See San Francisco Tech., Inc. v. Glad Prods. Co.,* 2010

17  U.S. Dist. LEXIS 83681 (N.D. Cal. July 19, 2010).

18       **IV. ARGUMENT**

19       This case should not be transferred to the Central District because the putative benefits of

20  the transfer do not outweigh other considerations. Under both § 1404(a) and §1412, a district

21  court may transfer a case to a district court for another district, (1) in the interests of justice or (2)

22  for the convenience of the parties. The Plaintiff's choice of venue is entitled to substantial

23  consideration when motion is made under § 1404 to transfer action to another district. *A. Olinick*

24  *& Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 1966 U.S. App. LEXIS 5231, 2 A.L.R. Fed. 558

25  (2d Cir. N.Y. 1966).

26       **A.  Venue is Proper in the Northern District of California.**

27       In evaluating a § 1404(a) motion, the citizen plaintiff's choice of a proper forum is entitled

28  to "paramount consideration," and the moving party must show that a balancing of interests

-4-

OPPOSITION TO MOTION TO CHANGE VENUE

weighs heavily in favor of transfer. Defendant must "make a strong showing  . . . to warrant upsetting the plaintiffs choice of forum." *Decker Coal Co. v. Commonwealth Edison, Co*., 805 F.2d 834, 843 (9th Cir. 1986).

Defendant has not met his burden. First, Defendant fails to mention that he and NAHC actively seek out and do business across California and the Western United States. A substantial part of this case took place in Utah, Washington (North of California), and Arizona. Also, Defendant fails to positively identify any witnesses who would be beyond the jurisdiction of the Northern District.

Defendant points to the specific venue provision in the False Claims Act. 31 U.S.C. § 3732(a) ("Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred.") A company of NAHC's size must conduct some business within the Northern District of California because it has multiple care homes, which satisfies § 3732(a) as an appropriate venue.  Moreover, Defendants have been investigated in this District by the United States Attorney for the Northern District of California.  The Northern District's apparently ongoing civil and criminal investigation will include documents and witnesses that are directly relevant to this matter, here within this district.

**B.  The Convenience of the Parties and Witnesses Does Not Favor Transfer.**

Defendant claims that the Central District is of greater or equal convenience to all parties involved.  The purpose of § 1404(a) is to "prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses, and the public against unnecessary inconvenience and expense [.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Brage* 364 U.S. 19, 26, 27 (1960)).  Defendant's motion does not meet this test.

First, transfer to the Central District is not convenient for Orten because Orten resides in Utah. Second, the Northern District is not on the other side of the country, it is at most 90 minute flight away from Southern California. Transfer to Southern California will merely shift convenience from one party to the other. In *Scheidt v. Klein*, 956 F2d 963, 965 (10th Cir.1992)

OPPOSITION TO MOTION TO CHANGE VENUE

the defendant was inconvenienced by trial of the action in Oklahoma, as Plaintiffs would have been had the case been transferred to Florida. It was held that merely shifting the inconvenience from one side to the other is not a permissible justification for a change in venue. *Id* at 966. The purpose of venue statutes is to protect defendants against a plaintiff's choice of unfair or inconvenient forum, not the other way round. *Leroy v. Great W. United Corp*., 443 U.S. 173, 183-84 (1979). Present venue in the Northern District achieves these factors by keeping the case in California rather than in Utah, which would be of greater inconvenience that the Northern District of California for the defendants and witnesses alike.

Second, despite acknowledging that "the location and convenience of counsel is irrelevant to the transfer of venue considerations," Defendant nevertheless observes that neither attorneys of record are in the Northern District. The point is superfluous and has no bearing on Defendant's motion to transfer venue. *See Clark v. Sprint Spectrum L.P.,* 2010 U.S. Dist. LEXIS 136510, 2010 WL 5173872 (N.D. Cal, Dec.15, 2010).

Third, a transfer is unnecessary because the Northern District Court's subpoena power under FRCP 45(c)(1)(B) will extend to witnesses residing in California, many of which are employees of NAHC.

### C. The Interests of Justice Do Not Favor Transfer

Defendants quote "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison, Co*., 805 F.2d 834, 843 (9th Cir. 1986). These four factors have no bearing on Defendant's motion to transfer venue, however.

Judicial economy alone is not enough to support a transfer of venue to the Central District. Defendant raises the slightly improved times from filing to trial in the Central District, but that is not a sufficient basis for transferring venue, because documents and potential witnesses are available in the current forum (not to mention the documents and witnesses of the United States Attorney for the Northern District of California). *In re Warrick*, 70 F.3d 736, 740 & n.6 (2d Cir. 1995). Moreover, there were fewer civil cases filed per judge in the Northern District (402) compared to the Central District (514) from January 1 to March 31, 2015. *See* UNITED STATES

COURTS, *Federal Court Management Statistics* (March. 31, 2015), *available at* http://www.uscourts.gov/report-name/federal-court-management-statistics.

Additionally, any putative "local interest to decide local controversies," has no purchase here, because Defendants conducted their fraudulent and illegal activites throughout NAHC's network of care homes throughout the Western United States.  Because this conduct took place in multiple Districts in multiple States, there is no actual "local interest" in the Central District. Indeed, the federal investigation into Defendants' alleged illegal conduct was by United States Attorney for the Northern District of California.

Last, the defendants quote *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013), which noted that "the costs of litigation can be 'substantially lessened if the venue is in the district in which most of the documentary evidence is stored,' and considerations regarding ease of access to the evidence thus favor transfer to the Central District." Due to advances in copying technology and information storage, any requested documents can be easily transported or made available in the Northern District if they are not already here as part of the United States' apparently ongoing civil and criminal investigations.  *Mohamed v. Mazda Motor Corp*, (2000, ED Texas) 90 F.Supp.2d at 778; see *In re Horseshoe Entm't*, (2003, CA5 La) 337 F.3d at 434.

### D.  The Relator's Preferred Venue is Entitled to Deference

Defendants contend that "substantial consideration should be given to a plaintiff's choice of forum does not apply in this case, where the Relator chose to file in a venue that is neither his residence nor the site of the conduct giving rise to the claims." Defendants cite *Kysone v. Regis Corp.*, 2014 U.S. Dist. LEXIS 89572, *8 (quoting Carolina Cas. Co., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001)) that deference is "considerably mitigated where the chosen forum lacks a 'significant connection to the activities alleged in the complaint.'"

But in fact, this district already has a significant connection to the defendant's activities because it is in this district that the United States Attorney for Northern District that has been conducting an ongoing civil and criminal investigation into the Defendants' activities.  *Kysone* is further distinguishable because in this case Orten contends that defendants have engaged in illegal

activity throughout the Western United States, not just in one district.  Last it is important to notice that this case is certainly not currently pending in the Northern District of California because of so-called "forum shopping"—this case is pending in the Northern District at the request of the United States.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendant's motion to transfer venue be denied so that this action may proceed in the Northern District of California, San Francisco Division.

Dated:  July 29, 2015                    Respectfully submitted,

By:___/s/John R. Parker, Jr._____
       C. Brooks Cutter
       John R. Parker, Jr.
       **KERSHAW CUTTER & RATINOFF**
       401 Watt Avenue
       Sacramento, California 95864
       Telephone:      (916) 448-9800
       Facsimile:      (916) 669-4499

       ATTORNEYS FOR RELATOR
       JOHN ORTEN

OPPOSITION TO MOTION TO CHANGE VENUE