UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NORTH AMERICAN HEALTH CARE, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-02401-WHO<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 51 |

This qui tam action alleges violations of the Federal, Washington, and California False Claims Acts and the California Labor Code, and also asserts a cause of action for wrongful discharge. It was originally filed in the Eastern District of California based upon the fact that "defendants transact business in [that] district, market and promote its [sic] services to residents in [that] district, and operate facilities in [that] district." Compl. ¶ 20 (Dkt. No. 1). In May of 2014, the United States Attorney's Office for the Northern District of California moved to transfer the case from the Eastern District of California to this district based upon an ongoing investigation involving the same conduct of defendants that is alleged in this case. Dkt. Nos. 11, 62 at 2. This motion was granted. Dkt. No. 13.

Defendants now move to transfer this case to the Central District of California. Dkt. No. 51. They assert that no defendant is located in this district, the allegations in the Complaint have no connection with this district, all of the potential witnesses reside in the Central District, and defendant North American Healthcare is currently in Chapter 11 bankruptcy proceedings in the Central District. *Id.* Plaintiff opposes this motion, as does the United States, which submitted a Statement of Interest and requests that I deny defendants' motion. Dkt. Nos. 60, 62.

Under 28 U.S.C. section 1404, a district court may transfer a case to another district in which it could have been brought "[f]or the convenience of parties and witnesses, in the interest of

justice." 28 U.S.C. § 1404. The plaintiff's choice of forum is entitled to deference, and when a defendant moves to transfer, courts balance this preference "with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Courts look to private interests (such as ease of access to sources of proof, availability of compulsory process, and cost of obtaining attendance of witnesses) and public factors (such as court congestion and the interest in having a controversy decided locally) in making this evaluation. *Id.* "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*

Defendants have not met this burden. Although it is true that the defendants and some witnesses are located in the Central District, this does not overcome the deference given to the relator-plaintiff's choice of forum. Defendant North American Health Care, Inc. provides services to 36 nursing home facilities throughout the Western United States, not just in the Central District, and there will be witnesses not located in the Central District. It does business in this district as well and, as the Eastern District of California has already determined, venue is proper here. Moreover, the United States is the real party in interest in this case and has filed a Statement of Interest supporting venue here. Dkt. No. 62. The government apparently does so because the local U. S. Attorney's Office has been investigating defendants, has accumulated evidence (including documents and witnesses) that is currently located in this district, and is closely monitoring this litigation. In evaluating the private and public interests, I see no strong showing of inconvenience in maintaining venue here that would warrant upsetting the plaintiff's choice of forum.

I find that this matter is appropriate to resolve without oral argument pursuant to Civil Local Rule 7-1(b), and VACATE the hearing currently set for September 9, 2015. Defendants' motion to transfer venue is DENIED.[1]

There is a motion to dismiss currently set for hearing on October 7, 2015. I will hold a

---

[1] Defendants' request to conduct discovery into the circumstances surrounding the United States' request for transfer to the Northern District is DENIED. They provide no basis for this request. I have reviewed the United States' transfer request and find it to be legally justified.

1  case management conference then as well.  The parties shall file a Joint Case Management
2  Statement on or before September 30, 2015, in accordance with the Local Rules and Standing
3  Order for All Judges of the Northern District of California regarding the Contents of Joint Case
4  Management Conference Statement.

5  **IT IS SO ORDERED**.

6  Dated: September 4, 2015



WILLIAM H. ORRICK
United States District Judge